Kerry S. Doyle, Esq.
Nevada Bar No. 10866
DOYLE LAW OFFICE, PLLC
4600 Kietzke Lane, Suite I-207
Reno, Nevada 89502
(775) 525-0889
(775) 229-4443 (fax)
kerry@rdoylelaw.com
Attorneys for Johnson

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>AFASSCO, INC.,<br><br>              Defendant. | Case No. CV-20-292<br><br>**COMPLAINT**<br>**Jury Demanded** |

Johnson, Kevin Johnson, by and through undersigned counsel brings this action against Defendant AFASSCO, Inc., ("Defendant") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201, *et seq.*, and the laws of the State of Nevada. Johnson alleges and complains as follows:

**JURISDICTION AND VENUE**

1. This case is filed on the basis of the Defendant's policies and practices that are in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201-§219. This case is further filed on the basis of violations of Nevada Revised Statutes Chapter 608.

2. The Court has federal question jurisdiction over this lawsuit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the Johnson's state law claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because the Defendant is an entity that is a resident of the State of Nevada.

/ / /

1

**PARTIES**

5. Johnson incorporates and restates each of the above paragraphs as if fully set forth herein.

6. Johnson is a resident of Summit County, Ohio.

7. AFASSCO, Inc. is a Nevada Corporation, conducts business operations in Wayne County, Ohio, and is subject to the jurisdiction of this Court.

**ALLEGATIONS**

8. Johnson incorporates and restates each of the above paragraphs as if fully set forth herein.

9. At all times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NRS Chapter 608.

10. At all times relevant, Johnson was an "employee" within the meaning of 29 U.S.C. §203(e), NRS Chapter 608, and Article 15, section 16 of the Nevada Constitution.

11. At all times relevant hereto, Defendant had annual sales in excess of $500,000.00 and was an enterprise within the meaning of 29 U.S.C. §§ 203(r) & (s) and NRS Chapter 608.

12. At all times relevant hereto, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

13. At all times relevant hereto, the Defendant failed to pay Johnson overtime as required by law, as Johnson was not properly exempt from time-and-a-half overtime compensation.

14. Johnson was hired as a Sales Manager and was employed from February 5, 2018 through March 4, 2019. At hiring, the Johnson was paid $3,300.00 per month, and if Johnson worked over forty hours per week, there was no overtime, and if Johnson worked less than forty hours in a week, his salary rate became hourly (this is reflected Johnson's pay stubs). Although Johnson was deemed a Sales Manager in title, he never managed anyone and was rarely in a sales position.

15. When Johnson began his employment, his immediate supervisor was Jarad Usher, Director of Sales, for sales, but due to staffing, Johnson rarely reported to him and instead performed manual labor warehouse duties. This began during training and took more of a long-term effect when Johnson was needed to help full-time, ignoring sales completely starting March 23, 2018.

/ / /

/ / /

Doyle Law Office

Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

2

16. Beginning on March 23, 2018, Johnson's supervisor was Rick Bell, Director of Operations. Johnson reported to Rick Bell because he was a senior management representative in Ohio while other employees were stationed in Nevada.

17. Rick Bell was placed on leave in October 2018, so Johnson began to report to Ms. Krys Sauber, as she was named branch manager of the Orrville, Ohio facility where Johnson worked. Upon information and belief, the Defendant asked Ms. Sauber to hire a replacement for Johnson in the warehouse so Johnson could focus on sales and this took place in late December 2018. At that point, Johnson began answering to Don Schumaker, owner of the Defendant.

18. Johnson's average workweek hours varied dependent on his duties. On a few occasions Johnson worked roughly 32 hours per week due to illness, but he usually would work more hours the following week, generally around 60 hours, since the employees were paid bi-weekly.

19. From the inception of Johnson's employment through mid-July 2018, he almost exclusively worked manual labor jobs in the warehouse. Roughly ten percent (10%) of his time was dedicated to training (primarily in the evenings on his own time, not while at work), thirty-five percent (35%) of his time was spent setting up the kit makers, thirty-five percent (35%) of his time was spent pulling and packing orders, ten percent (10%) restocking/miscellaneous warehouse work, and ten percent (10%) service and sales calls.

20. From mid-July 2018 until late September 2018, Johnson was cold calling over the phone. Roughly thirty-five percent (35%) of his time was spent cold calling/following up, ten percent (10%) servicing, thirty-five percent (35%) data entry, and twenty percent (20%) working on call center development. During this time period, there were two weeks when Johnson was needed in the warehouse almost exclusively performing manual labor.

21. From late September 2018 until January 2019, Johnson's time included roughly ten percent (10%) cleaning, thirty percent (30%) setting up kit makers, ten percent (10%) training new people, forty percent (40%) pulling and packing orders, five percent (5%) restocking shelves and five percent (5%) miscellaneous paperwork.

/ / /

/ / /

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com


22. Lastly, from January 2019 until March 2019, Johnson's time was roughly spent fifty percent (50%) calling distributors, fifteen (15%) service calls to fill cabinets, five percent (5%) warehouse (as needed), fifteen percent (15%) data entry and keeping Don Schumaker in the loop on progress, and fifteen percent (15%) re-training for different jobs.

23. The Defendant did not keep accurate track of Johnson's hours on a regular workweek basis and failed to track hours worked outside of the Ohio facility. Thus, it is impossible based on existing records to conclusively determine how many hours per week Johnson worked during his employment with the Defendant.

24. Defendant improperly characterized Johnson as overtime exempt during his employment with the Defendant.

25. Defendant willfully engaged in a scheme to deprive Johnson of his overtime compensation.

26. Johnson's primary duty was not managing the enterprise, or managing a customarily recognized department or subdivision of the enterprise, as defined and required by the FLSA.

27. Johnson did not have the authority to hire or fire other employees, and Johnson's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees was not given particular weight by the Defendant, as defined and required by the FLSA.

28. Johnson did not customarily or regularly supervise the work of two (2) or more employees nor were Johnson's suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees given any particular weight whatsoever.

29. As a result of the foregoing, Johnson does not qualify for the executive or administrative exemption of the FLSA.

30. The FLSA and NRS 608.115 require employers to create and keep precise time records of all times worked by employees such as Johnson as well as his records of wages and employment practices and such time records do not exist. Absent the Defendant keeping such records, Johnson is permitted to submit his information about the number of hours worked and Johnson estimates $14,080.08 in base overtime, plus liquidated damages and attorneys' fees and costs.

/ / /

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

## COUNT I

### Violation of the Fair Labor Standards Act ("FLSA")

31. Johnson incorporates and restates each of the above paragraphs as if fully set forth herein.

32. Defendant is an employer covered by the overtime requirements set forth in the FLSA and Johnson was a non-exempt employee for purposes of 29 U.S.C. § 207.

33. During the relevant time periods set forth in this Complaint, Defendant violated the FLSA with respect to Johnson by failing to pay Johnson the legally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

34. Johnson does not qualify for an exemption from the overtime obligations under the FLSA.

35. During the entirety of Johnson's employment with the Defendant, Defendant knew that Johnson was not exempt from overtime obligations imposed by the FLSA and Defendant willfully withheld and failed to properly pay overtime compensation despite such knowledge.

36. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Johnson is not known at this time, as many of the records necessary to make such calculations are in Defendant's possession (or not kept by the Defendant), but Johnson estimates at $14,080.08 in base overtime, with liquidated damages, a total of $28,160.16 due and owing to Johnson.

37. No time records exist for Johnson and Johnson has set forth his best estimate of the hours worked by him for all time periods.

38. Defendant's failure to pay Johnson overtime is not based on good faith or any other reasonable grounds. Pursuant to 29 U.S.C. § 216(b), Johnson is entitled to liquidated damages in an amount equal to the compensation and/or overtime he has not already been paid.

39. Johnson has been required to file this action as a result of Defendant's illegal actions of failing to pay Johnson the proper compensation. As such, Johnson is entitled to attorneys' fees and costs incurred pursuant to 29 U.S.C. § 216(b) in addition to $14,080.08 in base overtime, with liquidated damages, totaling $28,160.16 due and owing to Johnson.

/ / /

/ / /

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com

## COUNT II

### Violations of NRS 608.018, NRS 608.060; and NRS 608.115

40. Johnson incorporates and restates each of the above paragraphs as if fully set forth herein.

41. No time records exist for Johnson during his employment with the Defendant for his regularly scheduled workweek and thus it is impossible to determine how many overtime hours he worked in violation of NRS 608.115.

42. The Defendant has failed to properly pay Johnson his semimonthly payment of wages in accordance with NRS 608.060 and NRS 608.018 because proper overtime wages have not been paid to Johnson in a timely manner. As a result, Defendant is liable for damages as set forth by the Labor Commissioner in NRS 607.160.

43. As a result of the foregoing, Johnson is due $14,080.08, plus $14,080.08 as liquidated damages, totaling $28,160.16, plus statutory interest, plus six percent liquidated damages of amounts owed to the Johnson that are greater than thirty (30) days overdue from the scheduled payday.

*WHEREFORE*, Johnson requests the following relief against Defendant:

1. Judgment in favor of Johnson against the Defendant for the amounts set forth in this Complaint in excess of $28,160.16 for Johnson;

2. Liquidated damages, attorneys' fees and costs to Johnson; and

3. Grant to Johnson such other and further relief to which Johnson may be entitled, including all costs herein incurred.

**DATED** this 18th day of May, 2020.

                                        DOYLE LAW OFFICE, PLLC

                                        By:      /s/ Kerry S. Doyle
                                            KERRY S. DOYLE, ESQ.
                                            NEVADA BAR NO. 10866

Doyle Law Office
Kerry S. Doyle, Esq.
4600 Kietzke Lane
Suite I-207
Reno, Nevada 89502
(775) 525-0889
kerry@rdoylelaw.com