UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN JOHNSON,<br><br>    Plaintiff,<br><br> v.<br><br>AFASSCO, INC.,<br><br>    Defendant. | Case No. 3:20-cv-00292-LRH-WGC<br><br>ORDER |

Defendant AFASSCO, Inc. ("Afassco") moves this Court to dismiss Plaintiff Kevin Johnson's Complaint (ECF No. 3) and for sanctions (ECF No. 7). Johnson opposed both motions (ECF Nos. 5 & 8) and Afassco replied (ECF Nos. 6 & 9). For the reasons contained within this Order, the Court grants Afassco's motion to dismiss and denies its motion for sanctions.

**I. BACKGROUND**

From February 5, 2018, to March 4, 2019, Johnson was employed by Afassco as a Sales Manager at its Orrville, Ohio facility. ECF No. 1 ¶¶ 14, 17. Johnson alleges that he was hired as a salaried employee, and if he worked over 40 hours per week, he did not receive overtime. *Id.* ¶ 14. However, if he worked less than 40 hours per week, he was paid an hourly rate. *Id.* Johnson filed suit against Afassco in the Northern District of Ohio, Eastern Division, on September 4, 2019, alleging that this conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio law, Ohio Revised Code §§ 4112.02, 4111.10, and 4113.15, and that he is owed unpaid overtime of $28,160.16, liquidated damages, and attorney's fees and costs. ECF No. 3-2.[1]

---

[1] The Court takes judicial notice of the court filings and Ohio District Court's Order (ECF Nos. 3-2; 3-3; 3-4; & 3-5) pursuant to Federal Rule of Evidence 201(b) and because those proceedings are in direct relation to the matters before the Court here. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted) (taking judicial notice of the California Superior Court's proceedings because they were "directly related" to the appeal and "may in fact be dispositive.").

Afassco filed a motion to dismiss for improper venue pursuant to Federal Rules 12(b)(3) and 12(b)(6), arguing that Johnson's employment contract contained the following forum selection clause, requiring that the dispute be heard in Nevada State court:

> This agreement shall be governed by the substantive law of the State of Nevada. Any legal actions, including but not limited to suits or claims will be tried in the State of Nevada, the counties of Douglas and Carson City.

ECF No. 3-3 at 20. The Ohio Court agreed with Afassco, and found that the forum selection clause was "enforceable and applicable to this FLSA case. The mandatory language of [the] clause specifies that the state courts of Douglas County, Nevada, or Carson City, Nevada, are the exclusive forum where either party shall bring suit related to the employment agreement;" and that "Plaintiff was a willing participant to the instant agreement." ECF No. 3-4 at 9. Accordingly, the Ohio Court dismissed the case without prejudice so that Johnson could refile his case in the appropriate forum. *Id.* at 10. The parties agree that this ruling was not appealed.

Johnson filed the instant action in this federal court on May 15, 2020, alleging that Afassco's conduct violated the FLSA and Nevada labor law, Nevada Revised Statutes §§ 608.018, 608.060, and 608.115. ECF No. 1. Afassco filed the pending motion to dismiss, arguing that Johnson is precluded from bringing his action in this federal court because the Ohio Court already determined that the appropriate forum is the Nevada State courts of Douglas County and Carson City based on the forum selection clause. ECF No. 3. Afassco also moves for sanctions against plaintiff's attorney, pursuant to Federal Civil Procedure Rule 11, arguing that the attorney knew the prior suit had been dismissed by the Ohio Court and filed this suit in federal court even after knowing that the appropriate forum was the Nevada State courts of Douglas County and Carson City. ECF No. 7. Plaintiff's attorney has provided to the Court that Johnson died on September 9, 2020. ECF No. 13-1. Because FLSA claims survive the death of a plaintiff, the Court shall rule on the merits of the pending motions. *See Acebal v. United States*, 60 Fed. Cl. 551, 556-57 (Fed. Cl. 2004) ("We conclude that decedents' cause of action under both the FLSA and FEPA survive to the representatives of their estates.").

///

///

## II.   LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Federal Civil Procedure Rule 12(b)(6)

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* FED. R. CIV. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a) does not require "detailed factual allegations"; however, a "pleading that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks and citations omitted)). Further, in reviewing a motion to dismiss under 12(b)(6), the court accepts the factual allegations in the complaint as true. *Id.*

Conversely, a motion to enforce a forum selection clause is considered a motion to dismiss for improper venue pursuant to Federal Civil Procedure Rule 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); FED. R. CIV. P. 12(b)(3). Once venue is challenged, the plaintiff bears the burden of showing that venue is proper. *Koresko v.*

*RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1160 (E.D. Cal. 2003) (citation omitted). On a motion made pursuant to 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal citations omitted).

### B. Motion for Sanctions Pursuant to Federal Civil Procedure Rule 11

The court may, on a party's motion, after notice and a reasonable opportunity to respond, impose appropriate sanctions against another party for any violation of Rule 11(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 11(c)(1). "One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, . . . thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir 1986)). Rule 11 provides, in pertinent part,

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . .
>    . . .
> (c)(4) . . . The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED. R. CIV. P. 11. "The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good faith argument for an extension, modification or reversal of existing law.'" *Christian*, 286 F.3d at 1127 (quoting *Golden Eagle Distrib. Corp.*, 801 F.2d at 1537). When the complaint is the primary focus of a Rule 11 motion for sanctions, the Court conducts a two-prong inquiry, determining "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if

the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Id.* (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997).

### III. DISCUSSION

**A. Johnson is precluded from bringing his suit in this federal court.**

Afassco argues that because the Ohio Court found that the Nevada state court, in either Douglas County or Carson City, was the appropriate forum under the forum selection clause, Johnson is issue precluded[2] from bringing this suit in the District of Nevada federal court. The Court agrees.

Issue preclusion, also known as collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040-41 (9th Cir. 2017) (internal quotation marks and citations omitted). The elements for issue preclusion are similar to claim preclusion (though not identical), and require the party asserting collateral estoppel demonstrate: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Offshore Sportswear, Inc. v. Vuarnet Intern., B.V.*, 114 F.3d 848, 850 (9th Cir. 1997).

There can be no dispute that the issue at stake in the Ohio Court was identical to that currently before this Court—whether to dismiss this case due to the forum selection clause contained in Johnson's employment contract. It is clear from the Ohio Court's February 2019 Order that this issue was actually litigated and decided and that both parties had a full and fair opportunity to litigate the issue. The parties only disagree on whether the Ohio Court's finding—that the appropriate forum for this suit was the Nevada State court in Douglas County or Carson City—was necessary or essential to the Ohio judgment.

---

[2] Afassco argues *issue* preclusion in its motion, however, appears to argue for a *claim* preclusion analysis in its reply brief. *See* ECF No. 6 at 2. The Court notes that claim and issue preclusion, though similar, are not interchangeable, and finds that issue preclusion is the appropriate analysis in this circumstance.

In order to reach its decision to dismiss plaintiff's initial action for improper forum, the Ohio Court had to determine what forum was appropriate based on the forum selection clause of Johnson's employment contract. The Ohio Court therefore interpreted the employment contract and specifically concluded that the state forum was appropriate: "The mandatory language of [the] clause specifies that the state courts of Douglas County, Nevada or Carson City, Nevada are the exclusive forum where either party shall bring suit related to the employment agreement[.]" Based on its finding that the Nevada State court was the appropriate forum, it was able to determine that it was not the appropriate forum. This is not dicta, but a clear finding necessary to decide the issue on the merits. The Court declines to reinterpret the Ohio Court's sound reasoning and interpretation of the forum selection clause and give plaintiff a second bite of the apple. Accordingly, the Court dismisses this case without prejudice so that the representatives of Johnson's estate may refile this suit in the appropriate state court should they choose to do so.

**B.  The Court denies Defendant's request for sanctions.**

In its present motion, Afassco seeks Rule 11 sanctions against plaintiff's counsel for filing this suit in federal court after the Ohio Court's ruling. ECF No. 7. The Court has reviewed the documents and pleadings on file in this matter and finds that Rule 11 sanctions are not appropriate. First, the Court finds that plaintiff's counsel had an adequate legal and factual basis for filing the complaint in this Court.  An FLSA claim may be maintained in this federal court and is routinely filed here; it is not unreasonable that Johnson would want his federal claim before this Court. While the Court does find that the Ohio Court's ruling stands, and preclusion is appropriate, it is not unreasonable for an attorney, having read the forum selection clause, to interpret the Ohio Court's ruling to include the Federal Court sitting in the unofficial Northern District of Nevada, especially given that no federal court sits within Douglas County or Carson City.

Second, the Court finds that plaintiff's counsel conducted an adequate factual investigation. It is clear, both from the Complaint itself and plaintiff's response brief, that counsel had properly reviewed the Ohio Court's ruling and Johnson's employment contract. Though ultimately counsel made the incorrect strategic decision to file suit in this federal court, the Court finds that no evidence this decision was made for any improper purpose, such as to harass, cause unnecessary

delay, or needlessly increase the cost of this litigation, nor in bad faith. Therefore, the Court shall deny Afassco's motion for Rule 11 sanctions.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion to dismiss (ECF No. 3) is **GRANTED without prejudice.**

IT IS FURTHER ORDERED that defendant's motion for sanctions (ECF No. 7) is **DENIED**.

IT IS SO ORDERED.

DATED this 6th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE